AO 472 (Rev. 3/86) Order of Detention Pending Trial

# United States District Court
### DISTRICT OF KANSAS

UNITED STATES OF AMERICA
v.           **ORDER OF DETENTION PENDING TRIAL**

QUENTIN LAWTON        Case Number: 07-20167-18-KHV-DJW
*Defendant*

In accordance with the Bail Reform Act, 18 U.S.C. § 3142(f), a detention hearing has been held. I conclude that the following facts require the detention of the defendant pending trial in this case.

**Part I - Findings of Fact**

☐ (1) The defendant is charged with an offense described in 18 U.S.C. § 3142(f)(1) and has been convicted of a (federal offense) (state or local offense that would have been a federal offense if a circumstance giving rise to federal jurisdiction had existed) that is

    ☐ a crime of violence as defined in 18 U.S.C. § 3156(a)(4).

    ☐ an offense for which the maximum sentence is life imprisonment or death.

    ☐ an offense for which a maximum term of imprisonment of ten years or more is prescribed in _____

    ☐ a felony that was committed after the defendant had been convicted of two or more prior federal offenses described in 18 U.S.C. § 3142(f) (1)(A)-(C), or comparable state or local offenses.

☐ (2) The offense described in finding (1) was committed while the defendant was on release pending trial for a federal, state or local offense.

☐ (3) A period of not more than five years has elapsed since the (date of conviction) (release of the defendant from imprisonment) for the offense described in finding (1).

☐ (4) Findings Nos. (1), (2) and (3) establish a rebuttable presumption that no condition or combination of conditions will reasonably assure the safety of (an)other person(s) and the community. I further find that the defendant has not rebutted this presumption.

**Alternative Findings (A)**

☐ (1) There is probable cause to believe that the defendant has committed an offense

    ☐ for which a maximum term of imprisonment of ten years or more is prescribed in _____

    ☐ under 18 U.S.C. § 924(c).

☐ (2) The defendant has not rebutted the presumption established by finding 1 that no condition or combination of conditions will reasonably assure the appearance of the defendant as required and the safety of the community.

**Alternative Findings (B)**

☐ (1) There is a serious risk that the defendant will not appear.

☐ (2) There is a serious risk that the defendant will endanger the safety of another person or the community.

_____
_____
_____
_____

**Part II - Written Statement of Reasons for Detention**

I find that the credible testimony and information submitted at the hearing establishes by (clear and convincing evidence) (a preponderance of the evidence) that

(See attached pages)

**Part III - Directions Regarding Detention**

The defendant is committed to the custody of the Attorney General or his designated representative for confinement in a corrections facility separate, to the extent practicable, from persons awaiting or serving sentences or being held in custody pending appeal. The defendant shall be afforded a reasonable opportunity for private consultation with defense counsel. On order of a court of the United States or on request of an attorney for the Government, the person in charge of the corrections facility shall deliver the defendant to the United States marshal for the purpose of an appearance in connection with a court proceeding.

Dated: July 16, 2008           s/ David J. Waxse
*Signature of Judicial Officer*

DAVID J. WAXSE, U.S. MAGISTRATE JUDGE
*Name and Title of Judicial Officer*

*Insert as applicable: (a) Controlled Substances Act (21 U.S.C. § 801 *et seq.*); (b) Controlled Substances Import and Export Act (21 U.S.C. § 951 *et seq.*); or (c) Section 1 of Act of Sept. 15, 1980 (21 U.S.C. § 955a).

U.S.A. v. Quentin Lawton
Criminal Action 07-20167-18-KHV-DJW

## Part II - Written Statement of Reasons for Detention

There are a series of factors I have to look at to determine whether there are conditions that would both assure your appearance and the safety of the community.

The first factor is the nature and circumstances of the offense charged, including whether it is a crime of violence or involves a controlled substance. It clearly does, so that is a negative.

The next factor is the weight of the evidence. There has been a Grand Jury Indictment so that is a negative.

The next factor is your character, physical and mental condition. There is nothing negative there, that is positive.

The next factor is your family ties. I have heard your attorney's proffer but Pretrial Services has not been able to confirm any family ties, so we will consider that neutral.

Employment is negative because it does not appear that you have had any recently.

The next factor is your financial resources, which is whether or not you have enough money stashed away to flee. There is no indication of that, so that is a positive.

Your length of residence in the community is positive.

Your community ties are positive.

Your past conduct, which includes history relating to drug or alcohol abuse and appearance at court proceedings, is minimally negative.

The next factor is whether at the time of the current offense you were on probation, parole, or other release. It appears you were since there are traffic warrants outstanding.

The final factor is the nature and seriousness of the danger to any person of the community that would be posed by your release. I do not find any evidence that has been presented of substance about danger from weapons, but there is more than one way to be a danger to the

2

community and that is by distributing crack cocaine.

    Based on all of these factors, I am going to find that there are no conditions that would ensure your appearance.  There is sufficient evidence that you might be a flight risk without employment, or address, and the other things the government raised, so you will remain detained.